O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL D. ROGERS, JR., <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC., et al., <br><br> Defendants. | Case No. CV 17-01280 CAS (AFMx) <br><br> **ORDER DENYING REQUEST FOR IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On February 16, 2017, William D. Rogers, Jr. ("Plaintiff"), currently incarcerated in Lincoln, Nebraska, filed a *pro* se Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 against Walmart, Inc., Nancy L. and Ms. Amanda along with a Request to Proceed Without Prepayment of Filing Fees and Declaration in Support. Plaintiff claims that defendant Walmart, Inc. violated his rights by not investigating a claim from an accident occurring on June 6, 2012 at a Walmart in Oxnard, California. Defendant Nancy L. allegedly took him to the hospital after his accident and conspired to file a claim on his behalf, on July 9, 2012. Defendant Ms. Amanda (said to be a Walmart claim investigator) allegedly refused to verify that Walmart entered into a settlement agreement or issued a settlement check and failed to tell Plaintiff where the check was sent. Plaintiff requests that he be

awarded compensation for pain and suffering, mental suffering and payment for mental treatment care.

Section 1915(e)(2) pertains to any action by a litigant who is proceeding *in forma pauperis* ("IFP"). *See, e.g., Shirley v. University of Idaho, College of Law*, 800 F.3d 1193 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2)(B) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis*"); *Lopez v. Smith*, 203 F.3d 1122, 1127 n.7 (9th Cir. 2000) (noting "section 1915(e) applies to all in forma pauperis complaints" and directing "district courts to dismiss a complaint that fails to state a claim upon which relief may be granted") (en banc). Such screening is required before a litigant proceeding IFP may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015) (noting that "a preliminary screening" of a complaint filed by a litigant seeking to proceed IFP is "required by 28 U.S.C. § 1915(e)(2)"), *petition for cert. filed,* (Mar. 17, 2016); *O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (citing *Lopez* and discussing a district court's "mandatory duty" to dismiss an IFP complaint under the criteria of 28 U.S.C. § 1915(e)(2)(B)).

In addition, federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).

First, it is clear from the face of the Complaint that there is no federal question jurisdiction based on these allegations. *See* 28 U.S.C. § 1331. A claim

arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint herein contains a single cause of action. (Compl. at 1.) There is no federal question presented on the face of Plaintiff's Complaint. Although the Complaint is submitted on a form for actions brought under 42 U.S.C. § 1983 or *Bivens*, none of the allegations plausibly suggests a claim based on an alleged deprivation of a federal right by a person acting under of color state law or an alleged constitutional violation by federal official. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Nor is there any other federal question presented on the face of the Complaint.

Second, with regard to possible diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff has not alleged citizenship of the parties and has not attempted to allege that the $75,000 amount in controversy requirement is met here. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). The Complaint asserts a claim for monetary compensation for pain and suffering, mental suffering and payment for mental treatment care of an unknown and unpled amount. (Compl. p. 6.) In this regard, the Court notes that Plaintiff previously filed a complaint in the United States District Court for the District of Nebraska, in which he made similar allegations against Walmart and the claims manager Amanda. (*See William Rogers, Jr. v. Walmart Home Office and Amanda, Claims Manager*, 8:15-CV-00272 (D. Neb.). That case was dismissed by the district court on January 4, 2016 (with reconsideration denied on March 16, 2016), based on Plaintiff's failure to show that the amount in controversy was greater than the $75,000 jurisdictional amount.

///

///

///

IT THEREFORE IS ORDERED that the Request to Proceed Without Prepayment of Filing Fees is denied, and the Complaint in this action is dismissed without prejudice.

DATED: March 8, 2017

*Christina A. Snyder*

CHRISTINA A. SNYDER
SENIOR U.S. DISTRICT JUDGE

4